UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

**Larry MCNAIR,**

                        **Plaintiff,**                  12-CV-06212 (ALC)(SN)

           -against-                          <u>OPINION AND ORDER</u>

**Louis RIVERA, et al.,**

                       **Defendants.**
------------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

By letter dated July 17, 2013, *pro se* plaintiff Larry McNair moves the Court to grant his request for *pro bono* counsel. This is McNair's second application for *pro bono* counsel. For the reasons set forth below, the motion is denied without prejudice.

A federal judge has "broad discretion" when deciding whether to appoint counsel to an indigent litigant. <u>Hodge v. Police Officers</u>, 802 F.2d 58, 60 (2d Cir. 1986); see <u>Burgos v. Hopkins</u>, 14 F.3d 787, 789 (2d Cir. 1994). "There is no requirement that an indigent litigant be appointed *pro bono* counsel in civil matters." <u>Burgos</u>, 14 F.3d at 789; 28 U.S.C. § 1915(e).

The factors to be considered in ruling on a motion for *pro bono* counsel are well settled and include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." <u>Cooper v. A. Sargenti Co.</u>, 877 F.2d 170, 172 (2d Cir. 1989). Of these, "the factor which command[s] the most attention [is] the merits." Indeed:

> [c]ourts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request

the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

<u>Id</u>,

Here, McNair filed this action, pursuant to 42 U.S.C. § 1983, alleging that while in the custody of the New York City Department of Correction (the "DOC") at the Anna M. Kross Center (the "AMKC") on Rikers Island, the DOC instituted a "no pass" policy that violates his federally protected rights. Discovery in this case has not commenced because defendants' motion to dismiss is still pending. Notwithstanding this Court's recommendation that the motion be denied, the merits of McNair's case are not so apparent as to warrant the appointment of counsel. In addition, the other factors to consider do not favor the appointment of counsel at this time. This does not appear to be a case where the examination of witnesses is critical to the success of the claim. And McNair has demonstrated his ability to present his claims without the assistance of counsel.

Accordingly, the Court denies McNair's application without prejudice. The Clerk of Court is directed to terminate the motion at Docket No. 43.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:	New York, New York
	July 24, 2013

cc:	Larry McNair
	ID# 8951200419
	AMKC
	18-18 Hazen Street

East Elmhurst, NY 11370