```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9-6-13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
Larry MCNAIR,
    Plaintiff,

    -against-

Warden Louis RIVERA, and
Deputy Warden of Security CANTY,
    Defendants.
----------------------------------X
Michael OWENS,
    Plaintiff,

    -against-

Warden Louis RIVERA, and
Deputy Warden of Security CANTY,
    Defendants.
----------------------------------X
Jeffrey ANNUNZIATA,
    Plaintiff,

    -against-

Warden Louis RIVERA, and
Deputy Warden of Security CANTY,
    Defendants.
----------------------------------X

ORDER ADOPTING
REPORT AND RECOMMENDATION

12 Civ. 06212 (ALC)(SN)

12 Civ. 8325 (ALC)(SN)

13 Civ. 0352 (ALC)(SN)

ANDREW L. CARTER, JR., United States District Judge:

    Pro se Plaintiffs Larry McNair, Michael Owens, and Jeffrey Annunziata filed Complaints against Warden Louis Rivera and Deputy Warden of Security Yolanda Canty (collectively "Defendants") asserting claims pursuant to 42 U.S.C. § 1983 for alleged violations of their constitutional rights due to the "no pass" policy instituted at the Anna M. Kross Center ("AMKC") on Rikers Island. Specifically, the "no pass" policy, which allows

1

*Copies mailed by Chambers.*

only escorted movement through the AMKC, allegedly restricted Plaintiffs' ability to practice their religion, access the law library and medical clinic, and meet with loved ones during visitation hours.

Defendants filed a Motion to Dismiss the respective Complaints on February 22, 2013, arguing Plaintiffs' claims are barred by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, for failure to exhaust administrative remedies. Plaintiff McNair filed an opposition to Defendants' Motion on March 12, 2013. Plaintiffs Owens and Annunziata did not submit any opposition papers. This Court referred Defendants' Motion to Judge Magistrate Netburn for a Report and Recommendation ("R&R") on April 4, 2013.

After careful consideration, Magistrate Judge Netburn issued a R&R on April 26, 2013, proposing the Motion to Dismiss be denied. Despite notification of the right to object to the R&R, no timely objections were filed. When no objection is made, the Court subjects the R&R to a clear error review. Arthur v. Goord, No. 06 Civ. 326 (DLC), 2008 WL 482866, at *3 (S.D.N.Y. Feb. 21, 2008) ("To accept those portions of the report to which no timely objection has been made, 'a district court need only satisfy itself that there is no clear error on the face of the record.'" (quoting Figueroa v. Riverbay Corp., No. 06 Civ. 5364

(PAC), 2006 WL 3804581, at *1 (S.D.N.Y. Dec. 22, 2006))). The Court's review finds no clear error, and accordingly, the Court **ADOPTS** Magistrate Judge Netburn's R&R in its entirety. Defendants' Motion to Dismiss is **DENIED**.

SO ORDERED.

Dated: New York, New York
       September 6, 2013

_____
Andrew L. Carter, Jr.
United States District Judge